The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

RAQUEL REYNOLDS, a single person,

Plaintiff,

v.

CITY OF SEATTLE; et al.,

Defendants.

NO. 2:21-cv-01560-RSM

OFFICERS CAVINTA, BACH, KIM, BARRETO, GUZMAN, AND FISCHER'S ANSWER TO PLAINTIFF'S COMPLAINT

COME NOW DEFENDANT Officers Pete Cavinta, Jr., Scotty Bach, Daniel Kim, German Barreto, and Kira Guzman, (herein, the "Officer Defendants") by and through undersigned counsel, and admit, deny, and allege as follows:

Plaintiff's Complaint lacked numbered paragraphs. In order to specify the allegations which the Officer Defendants answer, the Officer Defendants rely on the paragraph numbering included in Exhibit A to the City of Seattle's Answer (Dkt. # 8-1).

I.      PARTIES AND JURISDICTION

1.      The Officer Defendants lack sufficient information to admit or deny the allegations in

OFFICER'S ANSWER TO PLAINTIFF'S
COMPLAINT - 1
(2:21-cv-01560-RSM)

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

paragraph 1 and, consequently, deny them for lack of information.

2. The Officer Defendants admit that the City of Seattle is a municipal corporation in the state of Washington and admit jurisdiction.

3. The Seattle Police Department (SPD) is a department of the City of Seattle and not an independent entity capable of being sued. Except as admitted, denied.

4. The Office of Police Accountability (OPA) is a department of the City of Seattle and not an independent entity capable of being sued. Except as admitted, denied.

5. The Officer Defendants admit that Pete Cavinta, Jr. was an employee of SPD and assigned to perform duties for the same. Except as admitted, denied for lack of information.

6. The Officer Defendants admit that Scotty Bach was an employee of SPD and assigned to perform duties for the same. Except as admitted, denied for lack of information.

7. The allegations in Paragraph 7 are denied. As admitted in the City's Answer (Dkt. #8), Officer Daniel Kim was listed on the General Offense Report in error.

8. The Officer Defendants admit that German Barreto was an employee of SPD and assigned to perform duties for the same. Except as admitted, denied for lack of information.

9. The Officer Defendants admit that Kira Guzman was an employee of SPD and assigned to perform duties for the same. Except as admitted, denied for lack of information.

10. The Officer Defendants admit that Raymond Fischer was an employee of SPD and assigned to perform duties for the same. Except as admitted, denied for lack of information.

///

///

OFFICER'S ANSWER TO PLAINTIFF'S
COMPLAINT - 2
(2:21-cv-01560-RSM)

**Christie Law Group, PLLC**
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
206-957-9669

## II. BACKGROUND

11. The Officer Defendants lack sufficient information to admit or deny the allegations in paragraph 11 and, consequently, deny them for lack of information.

12. The Officer Defendants lack sufficient information to admit or deny the allegations in paragraph 12 and, consequently, deny them for lack of information.

13. The Officer Defendants lack sufficient information to admit or deny the allegations in paragraph 13 and, consequently, deny them for lack of information.

14. The Officer Defendants lack sufficient information to admit or deny the allegations in paragraph 14 and, consequently, deny them for lack of information.

15. The Officer Defendants lack sufficient information to admit or deny the allegations in paragraph 15 and, consequently, deny them for lack of information.

16. The Officer Defendants lack sufficient information to admit or deny the allegations in paragraph 16 and, consequently, deny them for lack of information.

17. The Officer Defendants lack sufficient information to admit or deny the allegations in paragraph 17 and, consequently, deny them for lack of information.

18. The Officer Defendants lack sufficient information to admit or deny the allegations in paragraph 18 and, consequently, deny them for lack of information.

19. The Officer Defendants lack sufficient information to admit or deny the allegations in paragraph 19 and, consequently, deny them for lack of information.

20. The Officer Defendants lack sufficient information to admit or deny the allegations in paragraph 20 and, consequently, deny them for lack of information.

OFFICER'S ANSWER TO PLAINTIFF'S
COMPLAINT - 3
(2:21-cv-01560-RSM)

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

### III. INCIDENT AT ISSUE

21. The Officer Defendants lack sufficient information to admit or deny the allegations in paragraph 21 and, consequently, deny them for lack of information.

22. The Officer Defendants lack sufficient information to admit or deny the allegations in paragraph 22 and, consequently, deny them for lack of information.

23. The Officer Defendants deny that Maria Martinez was the "primary aggressor," and deny the other allegations in paragraph 23 for lack of information.

24. The Officer Defendants lack sufficient information to admit or deny the allegations in paragraph 24 and, consequently, deny them for lack of information.

25. The Officer Defendants lack sufficient information to admit or deny the allegations in paragraph 25 and, consequently, deny them for lack of information.

### IV. POLICE OFFICERS' ACTION – 8-28-20

26. The Officer Defendants admit the allegations in paragraph 26, except as to Officer Daniel Kim, with respect to whom the allegations are denied.

27. The Officer Defendants admit that officers interviewed Maria Martinez. Except as admitted, the allegations in paragraph 27 are denied.

28. The Officer Defendants deny the allegations in paragraph 28.

29. The Officer Defendants admit that Grace Martinez, the Plaintiff's mother, raised concerns regarding the Plaintiff's health and attempted to persuade the officers not to arrest Plaintiff. Except as admitted, denied.

OFFICER'S ANSWER TO PLAINTIFF'S
COMPLAINT - 4
(2:21-cv-01560-RSM)

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

30. The Officer Defendants admit the Plaintiff was arrested. In addition to factual allegations, paragraph 30 contains a legal conclusion to which no response is required. Except as admitted, denied.

31. Paragraph 31 contains a legal conclusion to which no response is required. The remaining allegations in paragraph 31 are denied.

32. The Officer Defendants lack sufficient information to admit or deny the allegations in paragraph 32 and, consequently, deny them for lack of information.

33. The Officer Defendants lack sufficient information to admit or deny the allegations in paragraph 33 and, consequently, deny them for lack of information.

34. The Officer Defendants deny the allegations in paragraph 34.

35. The Officer Defendants admit that Grace Martinez, the Plaintiff's mother, raised concerns regarding the Plaintiff's health and attempted to persuade the officers not to arrest Plaintiff. Except as admitted, denied.

36. The Officer Defendants lack sufficient information to admit or deny the allegations in paragraph 36 and, consequently, deny them for lack of information.

37. The Officer Defendants deny the allegations in paragraph 37.

38. The Officer Defendants deny the allegations in paragraph 38.

39. The Officer Defendants deny the allegations in paragraph 39.

40. The Officer Defendants deny the allegations in paragraph 40.

41. The Officer Defendants deny the allegations in paragraph 41.

42. The Officer Defendants deny the allegations in paragraph 42.

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

43. The Officer Defendants deny the allegations in paragraph 43.

44. The Officer Defendants admit that the police report contained addresses. Except as admitted, denied.

45. The Officer Defendants lack sufficient information to admit or deny the allegations in paragraph 45 and, consequently, deny them for lack of information.

46. The Officer Defendants deny the allegations in paragraph 46.

47. The Officer Defendants deny the allegations in paragraph 47.

48. The Officer Defendants deny the allegations in paragraph 48.

49. Paragraph 49 contains a legal conclusion to which no response is required. The remaining allegations in paragraph 49 are denied.

50. The Officer Defendants admit that Plaintiff was arrested, and that Plaintiff was offered two sets of handcuffs. Except as admitted, denied.

51. The Officer Defendants deny any specific knowledge of Plaintiff's racial identity. The Officer Defendants lack sufficient information to admit or deny the allegations in paragraph 51 and, consequently, deny them for lack of information.

52. The Officer Defendants lack sufficient information to admit or deny the allegations in paragraph 52 and, consequently, deny them for lack of information.

53. The Officer Defendants lack sufficient information to admit or deny the allegations in paragraph 53 and, consequently, deny them for lack of information.

54. The Officer Defendants deny the allegations in paragraph 54.

55. The Officer Defendants deny the allegations in paragraph 55.

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

## V. OFFICE OF POLICE ACCOUNTABILITY

56. The Officer Defendants deny the allegations in paragraph 56.

57. The Officer Defendants lack sufficient information to admit or deny the allegations in paragraph 57 and, consequently, deny them for lack of information.

58. Paragraph 58 appears to be a quote from OPA's website, and the quotation speaks for itself. Except as admitted, denied.

## VI. FOURTH AMENDMENT TO THE CONSTITUTION

59. Paragraph 59 states a legal conclusion to which no answer is required. To the extent any answer is required of the Officer Defendants, denied.

60. Paragraph 60 states a legal conclusion to which no answer is required. To the extent any answer is required of the Officer Defendants, denied.

61. Paragraph 61 states a legal conclusion to which no answer is required. To the extent any answer is required of the Officer Defendants, denied.

62. The Officer Defendants admit that the Plaintiff was arrested. Except as admitted, denied.

63. The Officer Defendants deny the allegations in paragraph 63

64. The Officer Defendants deny the allegations in paragraph 64.

65. The Officer Defendants deny the allegations in paragraph 65.

66. Paragraph 66 does not state any factual allegations. To the extent any response is required, denied.

67. The Officer Defendants deny the allegations in paragraph 67.

OFFICER'S ANSWER TO PLAINTIFF'S
COMPLAINT - 7
(2:21-cv-01560-RSM)

68. The Officer Defendants deny the allegations in paragraph 68.

69. Paragraph 69 does not state any factual allegations. To the extent any response is required, denied.

70. The Officer Defendants lack sufficient information to admit or deny the allegations in paragraph 70 and, consequently, deny them for lack of information.

71. The Officer Defendants deny the allegations in paragraph 71.

72. The Officer Defendants lack sufficient information to admit or deny the allegations in paragraph 72 and, consequently, deny them for lack of information.

73. The Officer Defendants admit that Plaintiff called 911. Except as admitted, denied.

74. The Officer Defendants deny the allegations in paragraph 74.

75. The Officer Defendants admit that Sgt. Bach was in Washington, D.C. on January 6, 2021. Except as admitted, denied.

76. The Officer Defendants deny the allegations in paragraph 76.

### VII. FOURTEENTH AMENDMENT TO THE CONSTITUTION

77. Paragraph 77 does not state any factual allegations. To the extent any response is required, denied.

78. The Officer Defendants lack sufficient information to admit or deny the allegations in paragraph 78 and, consequently, deny them for lack of information.

79. The Officer Defendants lack sufficient information to admit or deny the allegations in paragraph 79 and, consequently, deny them for lack of information.

80. The Officer Defendants deny the allegations in paragraph 80.

OFFICER'S ANSWER TO PLAINTIFF'S COMPLAINT - 8
(2:21-cv-01560-RSM)

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

81. The Officer Defendants deny the allegations in paragraph 81.

82. The Officer Defendants deny the allegations in paragraph 82.

83. The Officer Defendants deny the allegations in paragraph 83.

## VIII. *United States of America v. City of Seattle*

84. Paragraph 84 does not state any factual allegations. To the extent any response is required, denied.

85. The Officer Defendants deny the allegations in paragraph 85.

86. Paragraph 86 does not state any factual allegations. To the extent any response is required, denied.

87. The Officer Defendants deny the allegations in paragraph 87.

88. The Officer Defendants deny the allegations in paragraph 88.

89. The Officer Defendants deny the allegations in paragraph 89.

90. The Officer Defendants admit that Plaintiff filed an OPA complaint. Except as admitted, denied.

91. The Officer Defendants deny the allegations in paragraph 91.

92. Paragraph 92 does not state any factual allegations. To the extent any response is required, denied.

## PLAINTIFF'S DAMAGES AND EXHIBITS

Plaintiff's list of damages constitutes a prayer for relief to which no answer is required. Plaintiff's exhibit list and other documents speak for themselves and likewise do not require a response.

OFFICER'S ANSWER TO PLAINTIFF'S COMPLAINT - 9
(2:21-cv-01560-RSM)

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

**AFFIRMATIVE DEFENSES**

The City of Seattle's Answer (Dkt. #8) contains a list of affirmative defenses asserted on behalf of all Defendants, which is incorporated by reference herein. In addition, the Officer Defendants assert the following affirmative defenses:

1. The Officer Defendants may be immune from some or all of the Plaintiff's claims pursuant to RCW 10.99.070.

2. The Officer Defendants reserve the right to amend this answer to assert additional affirmative defenses, counterclaims, or crossclaims as may be appropriate based upon future discovery. Nothing contained in this Answer should be construed as a waiver of any such additional defenses.

WHEREFORE, the Officer Defendants respectfully request that the Plaintiff's complaint be dismissed with prejudice, and that they be granted such other and further relief as the Court finds just and equitable.

DATED this 14ʰ day of March, 2022.

CHRISTIE LAW GROUP, PLLC

By  */s/ Robert L. Christie*
ROBERT L. CHRISTIE, WSBA #10895
JOHN W. BARRY, WSBA #55661
Attorneys for Defendants
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
Telephone: (206) 957-9669
Email: bob@christielawgroup.com
        john@christielawgroup.com

OFFICER'S ANSWER TO PLAINTIFF'S
COMPLAINT - 10
(2:21-cv-01560-RSM)

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

# CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

RAQUEL MARTINEZ (REYNOLDS)
5642 44th Ave SW
Seattle, WA 98136
Telephone: (206) 258-1000
Email: policereports2021@gmail.com
Plaintiff, Pro Se


CHRISTIE LAW GROUP, PLLC


By     */s/ Robert L. Christie*
   ROBERT L. CHRISTIE, WSBA #10895
Attorney for Defendants
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
Telephone: (206) 957-9669
Email: bob@christielawgroup.com

OFFICER'S ANSWER TO PLAINTIFF'S COMPLAINT - 11
(2:21-cv-01560-RSM)