UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAQUEL REYNOLDS, a single person,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SEATTLE, et al.,<br><br>Defendants. | Case No. 2:21-CV-01560-RSM<br><br>ORDER GRANTING DEFENDANTS'<br>RULE 12(c) MOTION TO DISMISS |

## I. INTRODUCTION

This matter comes before the Court on Defendant City of Seattle's Rule 12(c) Motion to Dismiss filed on October 10, 2022. Dkt. #18. Pro se Plaintiff Raquel Reynolds[1] did not file a timely response, but she did file a letter several days after the deadline. Dkt. #20. The Court, in its discretion, will consider this letter as a timely response. Ms. Reynolds appears to have identified her letter as a cross motion in the Court's electronic filing system, but the letter does not move for any relief. Accordingly, the Court will not grant or deny Dkt. #20 and will remove it from the Court's Motion Calendar. As stated below, the Court GRANTS Defendant's Motion and dismisses this case.

## II. FACTUAL BACKGROUND

---

[1] Plaintiff's latest filing refers to herself as Raquel Reynolds/Martinez. Because Plaintiff's sister is referenced as Maria Martinez, the Court will refer to Plaintiff simply as "Plaintiff" to avoid confusion.

ORDER GRANTING DEFENDANTS' RULE 12(c) MOTION TO DISMISS - 1

For purposes of this 12(c) Motion, the Court will accept all facts in the Complaint, Dkt. #4, as true. Unless stated otherwise, the following facts are drawn from that pleading. Facts from materials attached to the Complaint by Plaintiff are also properly considered at this time.

On August 28, 2020, the police came to Plaintiff's residence to respond to a domestic violence dispute between Plaintiff and her sister, Maria Martinez. That day, Plaintiff and her brother Enrique entered the basement to throw away some items. After Plaintiff's brother had left and as Plaintiff was leaving the basement carrying a small, empty box, Maria "suddenly came running" into the back alley where a physical altercation ensued.

Plaintiff and Maria each called 911. Each reported an assault by the other. Seattle Police Department officers arrived shortly thereafter. Officer Cavinta spoke to Plaintiff first. *See* Dkt. # 1-3 (SPD Incident Report attached to the Complaint) at 25. According to the incident report, Plaintiff explained the history of her residential property dispute with Maria. *Id*. She said she and Enrique (also present for the interview) arrived at the home to check on some newly planted trees. Plaintiff told the officers that shortly after she emerged from the basement, Maria rushed out of the house and attacked her. When asked to describe the assault, Plaintiff gave "inconsistent" answers and "could not provide details." *Id*. Officer Cavinta asked how Maria assaulted Plaintiff, and demonstrated a closed-fist punch, an open-palm slap, and a hammer fist. Plaintiff denied being struck in any of these ways and, when asked to demonstrate, "held her arm in a horizontal manner across and in front of her lower neck area, but then she said she was not sure." *Id*. at 26. She also said that Maria pushed her, but that she caught herself before she fell. *Id*. Plaintiff said that multiple people witnessed the assault but that none of them were in the area when police arrived. *Id*. Officers did not observe any injuries to Plaintiff. *Id*. When asked how Maria injured her, Plaintiff "said she previously had

ORDER GRANTING DEFENDANTS' RULE 12(c) MOTION TO DISMISS - 2

surgery on her neck" and Officer Cavinta did not observe any "fresh injuries, marks, scratches, or redness on her throat area." *Id*.

Officers then switched to questioning Maria. They observed a "scratch" on Maria Martinez's arm which Officer Cavinta described in his police report as a 3 to 4-inch abrasion to the skin that was not bleeding. *Id*. Plaintiff submitted a photograph of Maria Martinez's injury as an attachment to her Complaint. Dkt. # 1-2 at 77. Maria told officer that she got this scratch when Plaintiff grabbed and pulled on her arm during the struggle over the box. Dkt. #1-3 at 26. Maria also complained of pain to her left wrist. *Id*. In his report, Officer Cavinta stated that "Based on [Maria's] narrative and the visible minor injuries and complaint of pain to her left arm, there was probable cause to arrest [Plaintiff] as the primary aggressor for domestic violence assault." *Id*.

Plaintiff was placed in handcuffs. Officer Kira Guzman performed a "finger test" on the handcuffs, ensuring that they were applied loosely enough that Guzman could fit one finger between Plaintiff's wrist and the cuff. Dkt. # 4 at 11. When Plaintiff complained of shoulder and wrist pain, Officer Guzman offered to use two sets of handcuffs. After being handcuffed, Plaintiff was placed in one of the officers' patrol vehicles and later searched incident to the arrest.

After Plaintiff was arrested, the officers screened the arrest with Sergeant Scotty Bach. During the screening, Plaintiff complained to Sergeant Bach of pain, but when he tried to inspect her for injuries Plaintiff told him that there was nothing to see because the pain stemmed from pre-existing conditions due to her neck injury. Dkt. #1-5 at 124. Sergeant Bach asked if Plaintiff wanted to see the Seattle Fire Department and Plaintiff said that the Fire

ORDER GRANTING DEFENDANTS' RULE 12(c) MOTION TO DISMISS - 3

Department had already inspected her and there was nothing else they could do.[2]  *Id.*  She further stated, "I used to be married to a fucking police officer and you guys don't even care."  *Id*.  Sergeant Bach did not respond to this and instead offered to call an ambulance or get a nurse; Plaintiff declined those offers.  *Id*.

Plaintiff was then sent to King County Jail and held overnight.  She was released the next day without charges.  Plaintiff later filed a complaint with Seattle's Office of Police Accountability ("OPA").  *See id.* at 123-25.  OPA's investigation determined that Plaintiff's arrest was supported by probable cause.

Plaintiff filed this lawsuit on November 16, 2021.  Dkt. #1.  She brings causes of action under § 1983 for violations of the Fourth and Fourteenth Amendments, emotional distress, assault and battery, and unlawful arrest.  *See* Dkt. #4.  In the Fourteenth Amendment Claim, she states that she was falsely labeled as "White" in the Police Report when she is Mexican.  *Id.* at 16.  She seeks over eight million dollars in damages.  *Id.* at 21.  The Court notes that the Complaint repeatedly points out that the incident occurred after Plaintiff had a rough recovery from COVID-19 and had lingering effects including nerve damage, and that Plaintiff has epilepsy.

### III.   DISCUSSION

a. Legal Standard

"After the pleadings are closed – but within such time as not to delay the trial – any party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  The standard governing a Rule 12(c) motion for judgment on the pleadings is essentially the same as that governing a

---

[2] Defendant points out that the Fire Department actually did not check on Plaintiff's injuries on the day of the incident; this is uncontested by Plaintiff.  *See* Dkt. #18 at 5.

ORDER GRANTING DEFENDANTS' RULE 12(c) MOTION TO DISMISS - 4

Rule 12(b)(6) motion. *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir.1989); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir.1988)).

In making a Rule 12(b)(6) assessment, the court accepts all facts alleged by the non-moving party as true, and makes all inferences in the light most favorable to the non-moving party.  *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted).  However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The complaint or answer alleging counterclaims "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678.  This requirement is met when the pleading party "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  The complaint or answer need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Absent facial plausibility, the pleading party's claims must be dismissed. *Id*. at 570.

b. Analysis

Where officers have probable cause to arrest domestic violence suspects in Washington, they have a mandatory duty to do so under the state's domestic violence statutes. *Donaldson v. City of Seattle*, 65 Wn. App. 661, 670, 831 P.2d 1098 (1992) (*rev. denied*, 120 Wn.2d 1031, 847 P.2d 481 (1993)). Where both parties to a domestic violence incident claim to be the victim of an abuse not witnessed by the officers, officers are required to arrest the "primary physical aggressor." RCW 10.31.100(2)(d).  This statute directs officers to consider the following factors: (A) intent to protect victims of domestic violence; (B) the comparative extent of the

parties' injuries or reasonable fear of injury; and (C) the domestic violence history of the involved parties. *Id*.

Based on the factual record as pled by Plaintiff, including the attachments to the Complaint, Plaintiff's claims that Defendant officers lacked probable cause to believe that Plaintiff was the primary aggressor in a domestic violence incident are simply not plausible. Plaintiff cannot deny that this was a domestic violence incident between family members. Plaintiff's claims that the officers violated the Fourth Amendment is not plausible on its face as the pleading shows they did what was required to ascertain the primary aggressor based on conflicting stories and concrete observable evidence of injuries. It is not for this Court to decide which of the sisters was actually the primary aggressor, as this is not a criminal action. Criminal charges against Plaintiff were not pursued. Defendants' probable cause operates as a complete defense to Plaintiff's Fourth Amendment claims. *See District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018). Plaintiff's letter responding to this Motion offers nothing substantive to contradict this legal conclusion. Accordingly, these claims are properly dismissed.

Plaintiff's Fourteenth Amendment Equal Protection claim fails because she has not alleged any different treatment based on membership in a protected class. There simply is not sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Plaintiff's letter responding to this Motion fails to address this issue.

Plaintiff's Complaint mentions "due process" only in passing. *See* Dkt. #4 at 16 ("Plaintiff was deprived of her liberty and property without due process of law."). This formulaic recitation of law does not satisfy the *Twombly/Iqbal* test. Even if Plaintiff alleged more, the Court agrees with Defendants that Plaintiff's pleading and the detailed attached

ORDER GRANTING DEFENDANTS' RULE 12(c) MOTION TO DISMISS - 6

records do not show a violation of procedural or substantive due process. *See* Dkt. #18 at 14–16. Plaintiff's letter responding to this Motion fails to address this issue.

Plaintiff appears to plead state law assault, battery, and unlawful arrest claims against the Defendants. Defendants correctly point out that they are immune from such claims. Dkt. #18 at 18 (citing RCW 10.99.070; *Feis v. King County Sheriff's Dep't*, 165 Wn. App. 525, 551, 267 P.3d 1022 (2011)).

Given the above, the Court need not analyze Defendants' qualified immunity arguments.

The Court notes that even if Plaintiff's claims had merit, there are serious issues with causation, and the amount sought for her injuries is grossly disproportional to the alleged injuries that could be attributable to the actions of Defendants.

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Given the completeness of the record and Plaintiff's failure to address the above issues in responsive briefing, the Court finds that she cannot allege other facts consistent with the challenged pleading to cure the above deficiencies. Leave to amend will not be granted.

## IV.   CONCLUSION

Having reviewed the relevant briefing and the record, the Court hereby finds and ORDERS that Defendants' Motion to Dismiss, Dkt. #18, is GRANTED. Plaintiff's Cross Motion, Dkt. #20, is TERMINATED and will be removed from the Court's Motion Calendar. Plaintiff's claims are DISMISSED. This case is CLOSED.

//

DATED this 27th day of January, 2023.

                                          RICARDO S. MARTINEZ
                                          UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANTS' RULE 12(c) MOTION TO DISMISS - 8